IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCDAVID OYEKWE, | § |
| | § |
| PLAINTIFF, | § CIVIL ACTION NO.: 3:21-cv-02166-X-BK |
| | § |
| V. | § |
| | § |
| RESEARCH NOW GROUP, INC. A/K/A, | § |
| RESEARCH NOW, INC. A/K/A DYNATA, | § |
| SEYFARTH SHAW LLP, and BRACKETT & | § |
| ELLIS CORP. | § |
| | § |
| DEFENDANTS. | § |

## DEFENDANTS' MOTION FOR SANCTIONS AND BRIEF IN SUPPORT

Alex S. Drummond*  
Georgia Bar No. 231116  
adrummond@seyfarth.com  
Christina F. Meddin*  
Georgia Bar No. 135969  
cmeddin@seyfarth.com  
SEYFARTH SHAW LLP  
1075 Peachtree Street, N.E.  
Suite 2500  
Atlanta, Georgia 30309-3962  
Telephone: (404) 885-1500  
Facsimile: (404) 892-7056  

ATTORNEYS FOR DEFENDANTS
DYNATA, LLC AND SEYFARTH
SHAW LLP

Joseph F. Cleveland, Jr.  
SBN: 04378900  
jcleveland@belaw.com  
BRACKETT & ELLIS, P.C.  
100 Main Street  
Fort Worth, Texas  
Telephone (817) 338-1700  
Facsimile: (817) 870-2265  

ATTORNEY FOR DEFENDANTS
DYNATA, LLC, SEYFARTH
SHAW LLP, AND BRACKETT &
ELLIS P.C.

Defendants Dynata, LLC ("Dynata") (incorrectly identified by Plaintiff as Research Now Group, Inc. a/k/a Research Now, Inc. a/k/a Dynata), Seyfarth Shaw LLP ("Seyfarth Shaw"), and Brackett & Ellis P.C. (incorrectly identified by Plaintiff as "Brackett & Ellis Corp.") (collectively "Defendants"), by and through their attorneys and pursuant to Rule 11 of the Federal Rules of Civil Procedure, file the following motion for sanctions and brief in support, and would state as follows:

I.     **INTRODUCTION**

Defendants do not bring this motion lightly. Plaintiff, however, has repeatedly pursued claims that lacked factual and legal support, made inflammatory allegations and accusations, and caused Defendants to expend significant resources to fight the same baseless claims in one lawsuit after another. Indeed, Plaintiff has now filed a total of **four** lawsuits against Dynata and its counsel, based on the same set of factual allegations and purported legal theories. In its most recent order recommending dismissal of Plaintiff's claims in his prior lawsuit against both Dynata and Seyfarth Shaw, this Court referred to Plaintiff's claims as "**malicious**." And rather than concede that the facts and law do not comport with his legal theories, Plaintiff continues to file lawsuits and frivolous motions, in which he materially misrepresents information to this Court, fabricates arguments out of whole cloth, and makes inaccurate accusations not only against defense counsel but also against the District Judge, Magistrate Judge, and Court Clerk.

Plaintiff, however, has already had his day in court and his dissatisfaction with the resolution of his prior lawsuits provides no basis for his continued harassment of Defendants and abuse of the litigation process. To the extent he has any legitimate challenges to the Court's decisions in his prior lawsuits, the appropriate avenue for recourse is appeal. And in fact, Plaintiff has already sought to appeal this Court's dismissals of his first two lawsuits. The fact that he feels

the need to continuously file successive and duplicative lawsuits against Defendants while his grievances are currently being addressed through the proper channels only underscores his malicious motives.

At bottom, Plaintiff's lawsuits should never have been filed or maintained, and Plaintiff's conduct has left Defendants with no choice but to seek sanctions against Plaintiff. Accordingly, Defendants respectfully request that the Court issue an Order sanctioning Plaintiff, including without limitation, requiring him to pay Defendants the costs and attorneys' fees incurred in defending this action.

## II.      FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his first lawsuit against Dynata in the 68th Judicial District Court Dallas County, Texas. (ECF No. 7 at App. 3 ¶ 1.)[1] Dynata subsequently removed that case to this Court on May 6, 2019. (App. 2-6.) Plaintiff's 2019 lawsuit ("*Oyekwe I*") alleged claims against Dynata for race discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Texas Commission on Human Rights Act, Tex. Labor Code Ann § 21.001 *et seq*., as well as a cause of action asserting that Dynata failed to pay Plaintiff overtime compensation for all hours worked over forty hours per workweek in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). (App. 9, 14-15.) Defendant Seyfarth Shaw LLP ("Seyfarth") represented Dynata as its lead legal counsel in *Oyekwe I*, and Brackett & Ellis, PC, represented Dynata as local counsel. (App. 146-147.)

---

[1] This motion relies on and cites to Defendants' appendix filed in support of their motion to dismiss for failure to state a claim and for a pre-filing injunction and brief in support of that motion. (ECF No. 7.) Hereinafter, all citations to ECF No. 7 will be referred to as "App." and cite to the assigned appendix page numbering.

2

The claims involved in *Oyekwe I* centered around Plaintiff's employment with Dynata, his status as a salaried exempt employee, his treatment as compared to white co-workers in terms of recognition and bonus compensation, and his ultimate termination from the Company in April 2017. (App. 12-13 ¶¶ 34-42 and 46; App. 9-16, *generally*.) Dynata moved for summary judgment as to all claims in *Oyekwe I*. *Oyekwe I*, No. 3:19-CV-1085-S-BN, 2021 WL 1566459, at *1 (N.D. Tex. Jan. 26, 2021), *adopted by*, 2021 WL 1564327 (N.D. Tex. Apr. 20, 2021), *notice of appeal filed* Apr. 27, 2021. On January 26, 2021, Magistrate Judge Horan issued his Findings, Conclusions, and Recommendation concluding that summary judgment should be granted in Dynata's favor and that Plaintiff's claims asserted against Dynata in *Oyekwe I* should be dismissed in their entirety. *Id.* In response, Plaintiff filed a litany of procedurally improper documents directly challenging the legal and factual basis for the Magistrate's Recommendation. (App. 37-73, generally.) Plaintiff asserted, among other unfounded allegations, that the defense lied on the record, submitted fraudulent evidence in support of its summary judgment motion; and acted in concert with the Court to exclude evidence and deny Plaintiff's claims "in the name of white supremacy." (App. 38, 40-41 ¶¶ 3-6; 43-45 ¶¶ 1, 13, 16; 47; 71.)

Thereafter, on April 20, 2021, this Court issued an Order accepting the Magistrate Judge's Recommendation and overruling Plaintiff's objections. *Oyekwe I*, 2021 WL 1564327, at *1. A judgment granting Dynata's motion for summary judgment and dismissing all claims raised in *Oyekwe I* immediately followed. (App. 75.) Plaintiff thereafter filed a notice of appeal concerning this Court's dismissal of Oyekwe I on April 27, 2021. (App. 77.) Following the initiation of his appeal, Plaintiff continued to file various documents with the District Court, including a motion to appoint counsel (App. 79); "Response/Objection/Appeal to Order & Motion for Trial" (App. 81-83); brief in support of his notice of appeal (App. 89-115); motion for leave to proceed in forma

3

pauperis on appeal (App. 117-121); "Plaintiff's Response/Objection/Appeal to Fascist Bill of Costs & Motion for Default Judgment & Neutral Magistrate" (App. 123-127); and motion to recuse Karen Gren Scholer and David L. Horan (App. 129 - 133).  (See also, App. 157, generally.)  Each of the aforementioned motions were subsequently denied.  (*See* App. 85-87 (order denying Plaintiff's motion for the appointment of counsel and motion for trial); 135-137 (order denying Plaintiff's motion for recusal); 139 (order denying Plaintiff's motion for leave to proceed *in forma pauperis*); 141-144 (order overruling Plaintiff's objections to the clerk's taxation of Costs and terminating his motion seeking default judgment and a neutral magistrate).)

Meanwhile, on March 17, 2021, Plaintiff initiated a second lawsuit, this time against Dynata and its counsel, Seyfarth ("*Oyekwe II*").  (App. 161 ¶ 1.)  In *Oyekwe II*, Plaintiff purported to bring four claims against Defendants — two entitled "Breach of Contract" (Counts I and II); one entitled "Defamation of Character" (Count III); and a final claim entitled "False Claims Act" (Count IV).  (App. 179-181.)  Defendants removed *Oyekwe II* to this Court, and thereafter, filed a motion to dismiss seeking a dismissal of Plaintiff's claims under Rule 12(b)(6) because, among other things, all of the claims and factual issues raised by Plaintiff in *Oyekwe II* were previously raised, considered, and rejected by this Court in *Oyekwe I* and therefore barred by collateral estoppel.  *See Oyekwe II*, No. 3:21-CV-886-S-BN, 2021 WL 2267451, at *1 (N.D. Tex. June 2, 2021), *notice of appeal filed* Jun. 3, 2021.

On May 12, 2021, Magistrate Judge Horan concluded that the claims asserted in Plaintiff's Original Petition in *Oyekwe II* "should be dismissed as barred by collateral estoppel and true *res judicata* and as malicious."  *Id.* at *5, *8-9.  He further determined that, despite Plaintiff's attempts to assert claims under different legal theories — as well as asserting additional facts arising during the course of the litigation in Oyekwe I — "[t]he claims here emanate from the same nucleus of

4

operative facts." *Id.* at *9. Accordingly, Magistrate Judge Horan concluded that the claims asserted by Plaintiff in *Oyekwe II* were "malicious" and warranted dismissal. *Id.* at *8. [2] On June 2, 2021, the District Judge issued an Order adopting the findings of the Magistrate Judge, *id.* at *1, and dismissed Plaintiff's claims in *Oyekwe II* with prejudice. (App. 238.) The next day, Plaintiff filed a notice of appeal, and on June 28, 2021, Plaintiff filed a motion for leave to proceed on appeal *in forma pauperis* ("IFP"). (App. 240, 242-247.) This Court issued an Order denying Plaintiff's request for leave to appeal IFP on June 29, 2021, on grounds that his appeal was "not taken in good faith." (App. 249.)

Despite this Court's dismissals of Plaintiff's two prior lawsuits, Plaintiff initiated a third lawsuit against Dynata and its counsel Seyfarth and Brackett & Ellis on August 9, 2021 ("*Oyekwe III*"). (ECF No. 1-3.) Defendants removed *Oyekwe III* to this Court on September 10, 2021. (ECF No. 1.) In *Oyekwe III*, Plaintiff purports to allege claims against all three Defendants under the Equal Pay Act and the False Claims Act. (ECF No. 1-3 at 7-8, Counts I and II.) As detailed more fully in Defendant's Motion to Dismiss (ECF Nos. 5-7), Plaintiff's claims in the instant case are once again based on the same set of underlying factual allegations as those in *Oyekwe I* and *Oyekwe II*.

Finally, before Defendants' removal of the instant case, and less than a month after initiating Oyekwe III, Plaintiff filed a fourth lawsuit in Dallas County State Court on August 27, 2021, naming Dynata and its counsel, Seyfarth Shaw and Brackett & Ellis as Defendants. (App. 251-302.) Plaintiff's most recent state court petition re-asserts the same Equal Pay Act and False

---

[2] Following Defendants' removal of *Oyekwe II* to this Court, Plaintiff filed a one-paragraph document entitled "Complaint." (App. 230.) The Magistrate Judge determined that Plaintiff's filing "collaterally attack[ed] the resolution of *Oyekwe I*," and concluded that, to the extent the Court construed Plaintiff's filing as an amended complaint, it should be dismissed under the IFP statute for failure to state a claim. *Oyekwe II*, 2021 WL 2267451, at *4-5.

5

Claims Act claims as his Petition in *Oyekwe III*, and also purports to assert claims under ERISA and the Sarbanes-Oxley Act arising out of actions purportedly taken by Dynata's CEO to "steal" compensation and retirement funds from Plaintiff.  (App. 257-258 ¶¶ 69-82; ECF No. 1-3 at 7-8, Counts I and II.)  As of Defendants' service of this motion on Plaintiff, Defendants have not yet removed, answered, or otherwise responded to Plaintiff's fourth lawsuit.

Based on the litigation history outlined above, not only should Plaintiff's Petition in the instant case be subject to dismissal on the basis of *res judicata*, among other reasons, but for the reasons stated more fully below, sanctions are warranted.

## II.     ARGUMENT

### B.     The Court Should Impose Sanctions on Plaintiff for Engaging in Vexatious, Abusive, and Harassing Litigation

This Court should exercise its power to levy sanctions against Plaintiff because he knowingly, unreasonably, and unjustifiably continues to bring successive, unmeritorious, *res judicata*-barred complaints in bad faith, causing Defendants to unnecessarily waste time, money and resources in defending against his frivolous lawsuits.

Federal courts have inherent power to impose sanctions against parties for "bad faith" conduct in litigation.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S. Ct. 2123, 2138 (1991).  As this Circuit has indicated, courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09–CV–2260, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (*quoting In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)).  Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*.  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Obama*, 2010 WL 668847, at *2 (*citing* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d

191, 195–97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986). In order to sustain an award of sanctions, the Court must assess whether a party's claims are frivolous or an attempt to re-litigate decided issues, or were brought to harass. *See* Fed. R. Civ. P. 11(b); *see also Anderson v. Butler*, 886 F.2d 111, 114 (5th Cir.1989). Finally, "a litigant who violates Rule 11 merits sanctions even after a dismissal." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 398 (1990).

In addition, 28 U.S.C. § 1927 also authorizes the Court to impose sanctions upon any person, including a *pro se* plaintiff, who unreasonably and vexatiously multiplies the proceedings in a case. *See Spolter v. Suntrust Bank*, 403 F. App'x 387, 389, 390 (11th Cir. 2007) (affirming sanctions against *pro se* attorney litigant pursuant to § 1927 and the court's inherent powers); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)) (holding § 1927 empowers district courts to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith"); *Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1235 (M.D. Fla. 2003) (levying sanctions against *pro se* litigant, holding "Section 1927's purpose is to deter frivolous litigation and abusive practices by litigants and to ensure that those who create unnecessary costs bear them.").

As detailed above, the instant case is the third lawsuit brought by Plaintiff based on the same set of facts and legal theories, and he has already filed a fourth lawsuit in Texas state court. In addition to the four lawsuits that have been filed in less than three years, Plaintiff has also filed multiple complaints with various state bars challenging the conduct of defense counsel and Dynata's in-house attorneys as a result of the parties' prior litigation. While these complaints are

7

not within the jurisdiction of this Court (and have been properly dismissed), such conduct further demonstrates that Plaintiff's filing of frivolous lawsuits and complaints are not brought for any proper purpose and instead, are intended to harass the Defendants. Indeed, even prior to his filing of the instant case, the Magistrate's Recommendation in *Oyekwe II* explicitly found that the lawsuit warranted dismissal "as malicious." *Oyekwe II*, 2021 WL 2267451, at *8. The lack of merit in Plaintiff's pursuit of his claims in *Oyekwe I* and *II* is likewise underscored by the Court's denial of his applications to pursue his appeals in those cases *in forma pauperis* on grounds that the appeals were "not taken in good faith." (*See* App. 139, 249.)

The parties have expended significant time and expense defending repetitive claims brought by Plaintiff. There is no question that Plaintiff has been given his day in court to litigate his claims. The simple fact that Plaintiff has not prevailed on his claims does not give rise to separate causes of action, nor does it to permit him to continue to bring the same claims against the same party and its counsel. Given that this Court has already found Plaintiff's conduct in filing such actions to be malicious and in bad faith, there is no question that sanctions are warranted here as a means to prevent Plaintiff's inappropriate and highly disruptive conduct.

In accordance with Rule 11(c)(2), this motion was served under Rule 5 and was not filed or presented to the Court until after it was determined that the challenged claims and contentions at issue in *Oyekwe III* would not be withdrawn or appropriately corrected within 21 days after service. Plaintiff did not agree to withdraw his claims within the allotted time, and this motion is now presented to the Court for determination.[3]

---

[3] On September 23, 2021, Plaintiff filed a document entitled "Amended Counts/Charges." (ECF No. 10.) To the extent the Court construes this filing as an amended complaint that supersedes Plaintiff's original complaint (ECF No. 1-3), it fails to correct the deficiencies addressed in this motion. Specifically, and as explained more fully in Defendants' motion to dismiss Plaintiff's amended counts/charges (ECF No. 12), Plaintiff's amended counts/charges assert the same Equal

8

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Sanctions in its entirety with prejudice, award Defendants their costs and attorneys' fees incurred in filing this Motion for Sanctions, and, as requested in Defendants' Motion to Dismiss and for a Pre Suit Injunction (ECF Nos. 5-7), enjoin Plaintiff from filing any future actions against Defendants in federal court, state court, or any other forum without first obtaining leave to file such action.

Dated: October 13, 2021

Respectfully submitted,

/s/      Joseph F. Cleveland, Jr.
Joseph F. Cleveland, Jr.
SBN: 04378900
jcleveland@belaw.com
BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102
Telephone: 817.338.1700
Facsimile: 817.870.2265

*Attorney for Defendants, Dynata LLC, Seyfarth Shaw LLP, and Brackett & Ellis P.C.*

Alex S. Drummond*
Georgia Bar No. 231116
adrummond@seyfarth.com
Christina F. Meddin*
Georgia Bar No. 135969
cmeddin@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962

---

Pay Act and False Claims Act claims raised in Plaintiff's original complaint, as well as additional claims that are duplicative of those dismissed in Plaintiff's prior lawsuits and therefore barred by *res judicata*. As Plaintiff's amended charges/counts fails to appropriately correct any of the challenged claims underlying this motion, sanctions remain warranted.

Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendants, Dynata LLC and Seyfarth Shaw LLP*

*\*pro hac vice applications forthcoming*

10

**CERTIFICATE OF CONFERENCE**

In accordance with Federal Rules of Civil Procedure 5 and 11(c)(2), a copy of the foregoing Defendants' Motion for Sanctions was served on Plaintiff by U.S. Mail on September 20, 2021. In addition, Counsel for Defendant, Christina Meddin, conferred with Plaintiff regarding the relief requested in this motion by telephone on October 8, 2021. Plaintiff did not agree to withdraw or correct the claims at issue during the parties' conferral or within 21 days after Defendants' service of this motion for sanctions on Plaintiff.

/s/   Joseph F. Cleveland
Joseph F. Cleveland

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. I further certify that I caused a true and correct copy of DEFENDANTS' MOTION FOR SANCTIONS to be served upon the following by First Class U.S. Mail, on the 20th day of September, 2021:

McDavid Oyekwe
3314 Seabreeze Drive
Rowlett, TX 75088

/s/   Joseph F. Cleveland
Joseph F. Cleveland