IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCDAVID O. OYEKWE<br>    PLAINTIFF,<br><br>V.<br><br>RESEARCH NOW GROUP, INC. A/K/A<br>RESEARCH NOW, INC. A/K/A DYNATA,<br>ET AL.,<br>    DEFENDANTS. | §<br>§<br>§<br>§  CIVIL CASE NO. 3:21-CV-2166-X-BK<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States Magistrate Judge for pretrial management. Before the Court are Defendants' *Motion to Dismiss for Failure to State a Claim and for a Pre-Suit Injunction*, Doc. 5, and *Motion for Sanctions and Brief in Support*, Doc. 15. As detailed herein, the motion to dismiss should be **GRANTED IN PART**, and the motion for sanctions should be **DENIED**.

**I.  BACKGROUND**

Oyekwe, affirming his inability to pay costs, filed this suit (hereinafter "*Oyekwe III*") in a Dallas County state court against his former employer, Dynata, LLC, and Dynata's counsel in a previously dismissed employment discrimination case, Seyfarth Shaw LLP and Bracket & Ellis, P.C. (collectively "Defendants"). Indeed, this case is one in a series of lawsuits filed by Oyekwe raising essentially the same claims against essentially the same Defendants. *See also Oyekwe v. Research Now Grp., Inc.*, No. 3:19-cv-1085-S-BN, 2021 WL 1566459 (N.D. Tex. Jan. 26, 2021), *rec. accepted* 2021 WL 1564327 (N.D. Tex. Apr. 20, 2021) ("*Oyekwe I*"), *notice of appeal filed*

Apr. 27, 2021; *Oyekwe v. Research Now Grp., Inc.*, ___F.Supp.3d___, No. 3:21-cv-886-S-BN, 2021 WL 2267451 (N.D. Tex. June 2, 2021) ("*Oyekwe II*"); *Oyekwe v. Research Now Group, Inc. a/k/a Research Now, Inc. et al.*, 3:21-cv-2282-N-BN, Doc. No. 1-3 at 1-10. ("*Oyekwe IV*")

In *Oyekwe I*, Oyekwe raised claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.001 *et seq.*; retaliation claims under those same provisions; and a claim under the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.*, for the failure to properly compensate him for overtime. *See Oyekwe I*, 2021 WL 1566459, at *1. More specifically, the claims in *Oyekwe I* centered upon Oyekwe's employment with Dynata, his status as a salaried exempt employee, Dynata's alleged discriminatory treatment of him as compared to his white co-workers, and his termination from the company. *See generally* Doc. 7 at 15-22. The Court granted summary judgment in favor of Dynata on all claims. *See Oyekwe I*, 2021 WL 1564327, at *1.

Oyekwe then filed *Oyekwe II* against Dynata (removed from state court to this Court), adding the law firm Seyfarth and Shaw LLP as a defendant, and again alleging racial discrimination, retaliation, and FLSA violations in counts labeled breach of contract, defamation of character, and False Claims Act. *See Oyekwe II*, 2021 WL 2267451, at *2. He also accused Seyfarth and Shaw attorneys of fabricating evidence and other misconduct during the *Oyekwe I* litigation. *See* Doc. 7-4 at 30-32. The Court accepted the recommendation of Magistrate Judge David Horan and dismissed the case "as barred by collateral estoppel and true *res judicata* and as malicious." *Oyekwe II*, 2021 WL 2267451, at *5, rec. accepted 2021 WL 2267451, at *1.

Next, Oyekwe filed the instant case, *Oyekwe III*, in state court on August 9, 2021, Doc. 1 at 2, which was removed to this Court on September 10, 2021, Doc. 1. Here, Oyekwe alleges

2

claims against all Defendants under the Equal Pay Act and the False Claims Act. *See* Doc. 1-3 at 8-9. However, just as in *Oyekwe I and II*, Oyekwe complains about his employment with Dynata and the supposedly illegal conduct of that company. *Compare* Doc. 1-3 at 2-10 with Doc. 7 at 15-22; Doc. 7-4 at 23-36. And, just as in *Oyekwe II*, he includes allegations of Defendants' misconduct during the *Oyekwe I* litigation, claiming, for example, that Seyfarth Shaw and Brackett and Ellis attorneys "attempted to bully [him] with assistance of Magistrate David L. Horan & Clerk Shakira Todd into a [sic] unfair glass settlement" and that "David L. Horan ignored this facts [sic] to advance systemic racism and white privilege (white supremacy) in 3:19-CV-1085 & 3:21-CV-0886." *See* Doc. 1-3 at 8.

Defendants filed a motion to dismiss and for a pre-filing injunction limiting Oyekwe's ability to file future lawsuits against them. Doc. 5. Oyekwe followed with his *Objection to Dismiss & for Default Judgment*. Doc. 8. Oyekwe then filed a pleading titled *Amended Charges/Counts*, in which he purports to add claims—again, emanating from his employment with Dynata and the *Oyekwe I* litigation—under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*; the Sarbanes-Oxley Act of 2002; and general defamation law. Doc. 10 at 3. Defendants renewed their motion to dismiss and request for a pre-suit injunction in response to that filing. Doc. 12. Oyekwe then filed a document entitled *Plaintiff's Motion of Contempt & for a Default Judgment*. Doc. 14.[1]

---

[1] *Oyekwe IV* was filed in state court during the pendency of the instant case and then removed to this Court. On September 21, 2021, Magistrate Judge David Horan recommended that *Oyekwe IV*—which raises nearly identical allegations to those presented here and in *Oyekwe I* and *II*—be dismissed with prejudice on the basis of *res judicata* and that Oyekwe receive a sanction warning. *Oyekwe IV*, 3:21-cv-2282-N-BN, Doc. No. 9 at 5-6. That recommendation remains pending before the district judge.

3

Finally, on October 13, 2021, Defendants filed a *Motion for Sanctions and Brief in Support* in which they seek additional sanctions against Oyekwe pursuant to Federal Rule of Civil Procedure 11. Doc. 15. Oyekwe filed his response the following day. Doc. 16.

## II. DEFENDANTS' MOTION TO DISMISS

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, it must set forth more than merely labels and conclusions; a formulaic recitation of the elements of a cause of action will not satisfy the standard. *Twombly*, 550 U.S. at 570. In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### A. *Res Judicata*

"Generally, *res judicata* must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court *sua sponte* on *res judicata* grounds…in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

4

Defendants argue that Plaintiff's claims are barred by *res judicata* because they arise from the same nucleus of common facts at issue in *Oyekwe I* (and *II*)—namely and broadly, Oyekwe's employment with Dynata and eventual termination. *See* Doc. 6 at 11-17. "The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). The doctrine of *res judicata* precludes a subsequent claim if (1) the parties to the previous and subsequent actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Ellis*, 211 F.3d at 937 (citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

Those elements are met here. First, this Court entered final judgments dismissing Oyekwe's claims with prejudice in both *Oyekwe I* and *II*, and unquestionably had jurisdiction to do so. *See Oyekwe I*, 2021 WL 1566459, at *1; *Oyekwe II*, 2021 WL 2267451, at *1. Moreover, the parties to this action are identical to, or in privity with, those in *Oyekwe I* and *II*. Dynata was a defendant in both *Oyekwe I* and *II*. Seyfarth and Shaw was a defendant in *Oyekwe II* and, for *res judicata* purposes, was in privity with Dynata as to *Oyekwe I*. *See Oyekwe II*, 2021 WL 2267451, at *7 (concluding that Seyfarth and Shaw was in privity with its client in *Oyekwe I* for *res judicata* purposes because the attorneys were "added as defendants because of their roles in their clients alleged wrongdoing") (citing *Leaf v. Refn*, 742 F. App'x 917, 924 (6th Cir. 2018)). The Court likewise concludes here that Brackett and Ellis, Dynata's counsel in both *Oyekwe I* and *II*, enjoys privity with Dynata for *res judicata* purposes as well. *See Oyekwe IV*, 3:21-cv-2282-N-BN, Doc. No. 9 (concluding in virtually identical case that all defendants, including

5

Brackett and Ellis, were in privity with the defendants in *Oyekwe I* and *II* for *res judicata* purposes). *See also Weinberger v. Tucker*, 510 F.3d 486, 492-93 (4th Cir. 2007) (attorney's interests were so identified with the client in the matter that privity existed for *res judicata* purposes) (citing *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) ("The law firm defendants appear by virtue of their activities as representatives of Green and AT&T, also creating privity"). The law firm Defendants are in privity not merely because of the previous representation of Defendants in the dismissed cases, but because Oyekwe's claims here are based solely on the law-firm Defendants' representation of the other Defendants in the dismissed cases.

As for the final element, "[i]n order to determine whether both suits involve the same cause of action, this Court uses the transactional test." *Test Masters Educational Services, Inc.*, 428 F.3d at 571 (citation omitted).

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What constitutes a transaction or series of transactions must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred. The critical issue is whether the two actions are based on the same nucleus of operative facts.

*Test Masters Educational Services, Inc.*, 428 F.3d at 571 (internal citations and quotation marks omitted).

Here, Oyekwe's allegations in the operative, amended complaint mirror those presented in *Oyekwe I* and *II*. Doc. 7 at 15-22; Doc. 7-4 at 23-36. And the causes of action that he asserts are based upon that same "nucleus of operative facts" as those in *Oyekwe I* and/or *II*. These claims, despite their labels, are duplicative of those already litigated to conclusion—twice.

6

Accordingly, Oyekwe's claims are barred by *res judicata* and should be dismissed with prejudice for failure to state a claim.

### B.  Oyekwe's Requests for Default Judgment and a Contempt Order

Oyekwe also moves for a default judgment in his briefs opposing dismissal.  *See* Doc. 8 at 1; Doc. 14 at 6.  This request, if entertained at all, is frivolous: Defendants have responded to Oyekwe's suit and Oyekwe's claims are subject to dismissal with prejudice, so his allegations do not establish entitlement to relief.  *See* FED. R. CIV. P. 55; *see also*, *U.S. v. Giles*, 538 F.Supp.2d 990, 993 (W.D. Tex. 2008) ("Default judgment is proper only if the well-pleaded factual allegations in the Government's Complaint establish a valid cause of action.").

And finally, to the extent that Oyekwe seeks an order holding Defendants in contempt (*see* Doc. 8 at 1; Doc. 14 at 6), such request should be denied. A party seeking an order of contempt must show by clear and convincing evidence: "(1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order."  *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995) (citing, in turn, *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).  Oyekwe does not make that showing here.

### C.  Defendants' Requests for a Pre-Suit Injunction and Sanctions

Defendants also seek a court order curtailing Oyekwe's ability to file suits in federal court.  Specifically, they ask the Court to prohibit Oyekwe from suing them in federal court unless he, within 30 days of the filing of a complaint or its removal: (1) pays the standard filing fee; (2) is represented by a licensed attorney admitted to practice in the court, or obtains permission from a district or magistrate judge to proceed *pro se*; and even then, only if he (3)

files a motion with the Court containing a plethora of information regarding previous lawsuits and outstanding injunctions, files a copy of the proposed pleading "in compliance with the Federal Rules of Civil Procedure with the request for leave," and files an affidavit with the Clerk of Court containing assurances that he, in effect, proceeds in good faith.  *See* Doc. 6 at 22-23.

"Federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents.  This includes enjoining future filings to protect its jurisdiction and control of its docket."  *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004) (per curiam) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).  In determining whether a pre-suit injunction is appropriate, the court must weigh all the relevant circumstances, including the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).  Further, "[i]njunctions restricting further filings are appropriate when the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant received notice and an opportunity to oppose the court's order before it [is] implemented."  *Flores v. United States Attorney General*, No. 1:14-cv-198, 2015 WL 1088782, at *4 (E.D. Tex. March 4, 2015) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007)).

Here, the Court notes that in *Oyekwe IV*, Magistrate Judge Horan has recommended that a pre-suit-filing-injunction warning be issued.  To avoid the incongruous result of Oyekwe

receiving a pre-suit-filing injunction for conduct preceding a warning in another case, Defendants' request for a pre-suit injunction should be denied without prejudice. Given Oyekwe's vexatious litigation history, as detailed here, the Court should instead warn Oyekwe that, should he continue to pursue frivolous or malicious lawsuits, the Court may impose sanctions, including monetary sanctions and/or a bar from proceeding either *in forma pauperis* or *pro se* in any action in this Court—whether filed here; filed in state court or removed to this Court; or filed in another federal court and transferred to this Court—without first obtaining leave of the Court in writing.

Defendants also seek an Order under Federal Rule of Civil Procedure 11, "sanctioning Plaintiff, requiring him to pay Defendants the costs and attorneys' fees incurred in defending this action." [2] Doc. 15 at 2-3. Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual allegations have or will likely have evidentiary support. FED. R. CIV. P. 11(b). After notice and a reasonable opportunity to respond," a court finding a Rule 11(b) violation "may impose an appropriate sanction." FED. R. CIV. P. 11(c)(1).

---

[2] Defendants also reference 28 U.S.C. § 1927. However, the Court of Appels for the Fifth Circuit has not yet determined whether a *pro se* litigant can be sanctioned under § 1927. *Simmons v. Methodist Hosps. of Dallas*, 632 F. App'x 784, 787 n.5 (5th Cir. 2015) ("We note that this court has not yet addressed whether a *pro se* litigant can be subject to sanctions under section 1927 and need not do so today.").

9

Rule 11 sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  See *Budri v. FirstFleet Inc.*, Civil Action No. 3:19-CV-0409-N-BH, 2019 WL 5580105, at *5, *rec. accepted* 2019 WL 5578975 (N.D. Tex. Oct. 29, 2019) (citing other Northern District of Texas cases).  But courts often issue a sanction warning to a *pro se* litigant prior to imposing sanctions.  *See, e.g, Ellis v. Clarksdale Public Utilities*, No. 4:20CV00032-DMB-JMV, 2021 WL 4317670, at *2-3 (N.D. Miss. Sept. 22, 2021)  (recognizing "the danger of unfairness in imposing sanctions where a *pro se* litigant has received no clear warning that the subject conduct is inappropriate"); *Budri v. FirstFleet Inc.*, 2019 WL 5580105, at *6 (refusing to issue Rule 11 sanctions where the plaintiff had "only been warned about this burdensome filing of multiple motions and other documents in his two federal cases as well as in the state appellate court"); *Hick v. Bexar Cnty., Tex.*, 973 F.Supp. 653, 690 (W.D. Tex. 1997) ("The Fifth Circuit has adopted a rule under which a *pro se* litigant must first be warned before Rule 11 sanctions may be imposed upon him.") (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993)); *see also Saunders v. Bush*, 15 F.3d 64, 68 (5th Cir. 1994) (holding district court did not abuse its discretion in imposing monetary sanctions against *pro se* litigant after giving prior warning); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 36 (5th Cir. 1994) (warning *pro se* litigant that he would be subject to monetary and other sanctions if he continued to file frivolous complaints).

As detailed here, Oyekwe has arguably engaged in sanctionable conduct.  Nevertheless, because Oyewke has not been given an explicit warning that his continual filing of frivolous claims may result in the type of monetary sanctions sought by Defendants and authorized under Rule 11, Defendants' *Motion for Sanctions* should be denied in lieu of the issuance of an explicit warning as endorsed *supra*.

10

### III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss for Failure to State a Claim and for a Pre-Suit Injunction*, Doc. 5, should be **GRANTED IN PART,** and Defendants' *Motion for Sanctions and Brief in Support*, Doc. 15, should be **DENIED**.  Further, the Court should issue an appropriate sanction warning to Oyekwe.

**SO RECOMMENDED** on October 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).